## LA COMPAGNIE GÉNÉRALE TRANSATLANTIQUE v. PERSAGLIO.

(Circuit Court of Appeals, Second Circuit. November 16, 1908.)

### No. 16.

EVIDENCE (§ 474*)—OPINION EVIDENCE—COMPETENCY—MEANS OF KNOWLEDGE OF FACTS.

Upon an issue as to the value of the contents of certain trunks, in an action against a carrier for its loss, the fact that it consisted largely of clothing bought by plaintiff's wife for the family, and that he did not know the prices paid, did not render him incompetent to testify as to such value, approximately; it being a matter not capable of exact ascertainment.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2215–2218; Dec. Dig. § 474.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

J. P. Nolan (John M. Nolan, of counsel), for plaintiff in error.
A. C. Jopling (J. Frank Ball, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The plaintiff purchased of the defendant transportation for his wife and four children, with two trunks, from New York to Havre on the steamship La Champagne. The verdict of the jury establishes that they were wrongfully refused passage on that steamship, and that the trunks were taken forward to Havre and returned in about a year, with the contents entirely ruined.

The only exceptions which we regard as having any merit are connected with the proof of the value of the contents of the trunks. The plaintiff, an Italian employed in the Dupont Powder Works at Wilmington, Del., and very unfamiliar with English, supplied the only testimony on this subject. Over a general objection by defendant, he was permitted to testify, the defendant taking no exception, that the contents of the trunks were worth $400. After cross-examination, which certainly went to diminish the worth of his testimony very considerably, defendant's counsel moved to strike out his testimony "be-

---

cause the witness does not know the value of them and his wife purchased them," which motion was denied, and an exception taken. The witness had said that his wife had bought the clothes; that he could not tell the prices she paid, but gave her the money for them. This does not prove that he was unable, independently as a father of a family, to give a fair estimate of the value of the wearing apparel, and therefore the trial judge was justified in refusing to strike out his testimony for the reasons assigned. The value of the clothing of a family of steerage passengers does not admit of very accurate proof, and as the jury and the trial judge were both satisfied, and we think the verdict reasonable, we are not astute to amplify the defendant's exceptions.

The judgment is affirmed.